Jack Silver, Esq. SB #160575
E-mail:lhm28843@sbcglobal.net
Law Office of Jack Silver
Post Office Box 5469
Santa Rosa, CA 95402-5469
Tel.(707) 528-8175
Fax.(707) 528-8675

David J. Weinsoff, Esq. SBN 141372
Email: Weinsoff@ix.netcom.com
Law Office of David J. Weinsoff
138 Ridgeway Avenue
Fairfax, CA 94930
Tel. (415) 460-9760
Fax. (415) 460-9762

Attorneys for Plaintiff
CALIFORNIA RIVER WATCH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIVER WATCH, a 501(c)(3), nonprofit, Public Benefit Corporation,<br><br>Plaintiff,<br>v.<br>CITY OF LIVINGSTON; DOES 1-10, Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, RESTITUTION AND REMEDIATION**<br><br>(Environmental - Safe Drinking Water Act 42 U.S.C. § 300f *et seq*.) |

NOW COMES Plaintiff, CALIFORNIA RIVER WATCH ("RIVER WATCH"), by and through its attorneys, and for its Complaint against Defendants, CITY OF LIVINGSTON and DOES 1-10, Inclusive, (collectively hereafter, "the CITY") states as follows:

**I.   NATURE OF THE CASE**

1.   This is a citizens' suit for relief brought by RIVER WATCH under the Federal Safe Drinking Water Act ("SDWA"), 42 U.S.C. §300f *et seq.*, specifically SDWA §1449, 42 U.S.C. §300j-8, to prevent the CITY from repeated and ongoing violations of the SDWA. These violations are detailed in the December 10, 2013 Notice of Violations and Intent to File Suit ("SDWA Notice") made part of these pleadings and attached hereto as EXHIBIT A.

1

2. RIVER WATCH alleges the CITY illegally fails to ensure that its public community water system, regulated under California Water Permit No. 03-11-98P001, does not exceed the Maximum Contaminant Level ("MCL") established by the U.S. Environmental Protection Agency ("EPA") for arsenic.

3. RIVER WATCH seeks declaratory relief, injunctive relief to prohibit future violations, the imposition of civil penalties, and other relief for the CITY's violations as set forth in this Complaint.

## II.  PARTIES TO THE ACTION

4. RIVER WATCH, is, and at all times relevant to this Complaint was, an Internal Revenue Code § 501(c)(3) nonprofit public benefit corporation duly organized under the laws of the State of California, with headquarters and main office located at 290 S. Main Street, #817, Sebastopol, California. RIVER WATCH is dedicated to protecting, enhancing and helping to restore the groundwater and surface water environs of California including, but not limited to, its rivers, creeks, streams, wetlands, vernal pools, aquifers, and associated environs, as well as to educate the public concerning environmental issues associated with these environs. Members of RIVER WATCH reside in or regularly visit central California including the City of Livingston where the facilities under the CITY's operation and/or control which are the subject of this Complaint are located. Said members drink the waters affected by the CITY's illegal actions as alleged herein. Said members have environmental and personal health and safety interests in said drinking water which are or may be adversely affected by the CITY's violations as alleged herein. Furthermore, the relief sought will redress the injury in fact, likelihood of future injury and interference with the interests of said members.

5. RIVER WATCH is informed and believes, and on such information and belief alleges, that the CITY, with headquarters located at 1416 "C" Street, in Livingston, California, is now, and at all times relevant to this Complaint was, a "supplier of water" as defined by 42 U.S.C. § 300f(5) and 40 C.F.R. § 121.2. At all times relevant hereto, the CITY owned and operated a "public water system," as defined by 42 U.S.C. § 300f(4) and 40 C.F.R. § 141.2 and permitted by the California Department of Public Health.

Complaint

6. RIVER WATCH is informed and believes, and on such information and belief alleges, that Defendants DOES 1 - 10, Inclusive, respectively, are persons, partnerships, corporations and entities, who are, or were, responsible for, or in some way contributed to, the violations which are the subject of this Complaint or are, or were, responsible for the maintenance, supervision, management, operations, or insurance coverage of the CITY's facilities and operations as identified in the SDWA Notice and this Complaint.  The names, identities, capacities, and functions of Defendants DOES 1 - 10, Inclusive are presently unknown to RIVER WATCH. RIVER WATCH shall seek leave of court to amend this Complaint to insert the true names of said DOES defendants when the same have been ascertained.

### III.  JURISDICTIONAL ALLEGATIONS

7. Subject matter jurisdiction is conferred upon this Court by SDWA §1449(a), 42 §300j-8(a), which states in part,

> "any person may commence a civil action on his own behalf against any person . . . .who is alleged to be in violation of any requirement prescribed by or under [SDWA] ...'  The United States district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce in an action brought under [SWDA] any requirement prescribed by or under [SWDA] ..."

For purposes of SDWA §1449(a), "the term 'person' means an individual, corporation, association ..." under SDWA §1401(12), 42 U.S.C. §300f(12).

8. All violations and activities complained of in this Complaint occur at the public water system(s) owned and operated by the CITY.

9. Members and supporters of RIVER WATCH reside in or regularly visit the CITY and drink the water provided by the CITY. The health interests of RIVER WATCH and its members may be, have been, are being, and will continue to be adversely affected by the CITY's unlawful violations as alleged herein.  RIVER WATCH contends there exists an injury in fact to its members, causation of that injury by the CITY 's complained of conduct, and a likelihood that the requested relief will redress that injury.

10. Pursuant to SWDA §1449(b), 42 U.S.C. §300j-8(b), RIVER WATCH gave notice of the violations alleged in this Complaint more than sixty days prior to commencement of this action

to: (a) the CITY, (b) the United States EPA, Federal and Regional, (c) the State of California Department of Public Health, and (d) the State of California Department of Justice.

### IV.   STATUTORY AND REGULATORY BACKGROUND

11.   SDWA §1412(b)(1)(A), 42 U.S.C. §300g-1(b)(1)(A), requires the EPA to identify contaminants in public water supply systems which may have an adverse human health effect and for which regulation would present a "meaningful opportunity" for reduction of that health risk.  For each of the contaminants identified SDWA §1412(b)(1), SDWA §1412(b)(1)(E) requires the EPA to establish maximum contaminant level goals ("MCLGs") as well as Maximum Contaminant Levels ("MCLs").  The EPA established an MCL for arsenic at $10\mu/l$ (*see* 41 C.F.R. §141.62(b)(2).

12.   A violation of the SWDA occurs when testing/monitoring indicate that the level of a contaminant in treated water is above the MCL.

### V.   VIOLATIONS

13.   RIVER WATCH alleges the CITY's recurring violations of the MCLs for arsenic as detailed in the SDWA Notice, are violations of SDWA §1412, 42 U.S.C. §300g-1.  The violations are established in the California Department of Public Health's "All Source Chemical Monitoring" files and the CITY's records.  RIVER WATCH received a letter dated January 16, 2014 from the CITY's City Manager Jose Ramirez stating, in relevant part,

> "[t]he City operates a community water system under California Water Permit No. 03-11-98P001. The City's source of water supply is exclusively groundwater. The City currently has eight (8) active wells. The quality of the water produced by most of the City's wells is marginal and in some cases it exceeds the maximum contaminant level (MCL) for constituents like arsenic or manganese. Well No. 13 has [except in 2010 and 2011 when Well No. 13 was not operated] been exceeding the arsenic MCL of 10 µg/l since 2010."

City Manager Ramirez's letter states that the CITY anticipates completion of a "wellhead treatment system to remove arsenic at Well No. 13 and a new well to augment capacity. The expected completion date for the wellhead treatment system at Well No. 13 is the fourth quarter of 2015."

14.   The enumerated violations are detailed in the SDWA Notice, the CITY's January 16, 2014 correspondence with RIVER WATCH, and with the section of the SDWA violated by the

1   described activity set forth below.

2   15.   The locations of the discharges are the discharge points as described in the SWDA
3   Notice.

### VI.   CLAIM FOR RELIEF

### Violation of 42 U.S.C. §300g-1, 40 C.F.R. Part 141 –

### Exceeding the MCL for Arsenic

7   16.   RIVER WATCH re-alleges and incorporates by reference the allegations of Paragraphs
8   1 through 15 above as though fully set forth herein, including all allegations in the SDWA
9   Notice. RIVER WATCH is informed and believes, and on such information and belief, alleges
10  as follows:

11  17.   The CITY has violated and continues to violate the MCL for arsenic from Well No. 13
12  as evidenced by the list of reported violations it has provided the California Department of
13  Public Health (identified in the Department's Compliance Order No. 03-11-13R-002) and
14  confirmed in its January 16, 2014 letter to RIVER WATCH.

15  18.   The violations of the CITY as alleged in this Complaint are ongoing and will continue
16  after the filing of this Complaint. RIVER WATCH alleges herein all violations which may have
17  occurred or will occur prior to trial, but for which data may not have been available or submitted
18  or apparent from the face of the reports or data submitted by the CITY to the California
19  Department of Public Health prior to the filing of this Complaint. RIVER WATCH will amend
20  this Complaint if necessary to address the CITY's Federal violations which may occur after the
21  filing of this Complaint. Each of the CITY's violations is a separate violation of the SDWA.

22  19.   RIVER WATCH alleges that without the imposition of appropriate civil penalties and the
23  issuance of appropriate equitable relief, the CITY will continue to violate the SDWA as well as
24  Federal standards with respect to the enumerated discharges and releases alleged herein.
25  Further, that the relief requested in this Complaint will redress the injury to RIVER WATCH and
26  its members, prevent future injury, and protect the interests of its members which are or may be
27  adversely affected by the CITY's violations of the SDWA.

28  //

Complaint

20. RIVER WATCH alleges that continuing violations of the SDWA by the CITY at Well No. 13 will irreparably harm RIVER WATCH and its members, for which harm RIVER WATCH and its members have no plain, speedy or adequate remedy at law.

### VII.   RELIEF REQUESTED

WHEREFORE, RIVER WATCH prays that the Court grant the following relief:

21. Declare the CITY to have violated and to be in violation of the SDWA;

22. Issue an injunction ordering the CITY to immediately operate its public community water system in compliance with the SDWA;

23. Order the CITY to provide public notification by mail and through newspapers of general circulation within two (2) days of receipt of a laboratory report identifying a violation of an MCL to parents/guardians of children, pregnant women, the elderly, and the infirm (among other at-risk individuals);

24. Order the CITY to fund a Supplemental Environmental Project providing potable drinking water to parents/guardians of children, pregnant women, the elderly, and the infirm (among other at-risk individuals from arsenic in drinking water) whose doctors provide a written request to the CITY;

25. Order the CITY to pay civil penalties per violation/per day for its violations of the SDWA;

26. Order the CITY to pay RIVER WATCH's reasonable attorneys' fees and costs (including expert witness fees); and,

27. Grant such other and further relief as may be just and proper.

DATED: March 5, 2014           LAW OFFICE OF DAVID J. WEINSOFF


By:_____*David Weinsoff*_____
DAVID J. WEINSOFF
Attorney for Plaintiff
CALIFORNIA RIVER WATCH

# EXHIBIT A

# Law Office of Jack Silver



P.O. Box 5469     Santa Rosa, California 95402
Phone  707-528-8175     Fax  707-528-8675
lhm28843@sbcglobal.net

*Via Certified Mailing – Return Receipt*

December 10, 2013

Humberto M. Molina
Public Works Director
City of Livingston
1416 C Street
Livingston, CA 95334

Jose A. Ramirez, City Manager
Members of the City Council
City of Livingston
1416 C Street
Livingston, CA 95334

    **Re:**    Notice of Violations and Intent to File Suit under the Safe Drinking Water Act

Dear Mr. Molina, Mr. Ramirez and Members of the City Council:

**NOTICE**

The Safe Drinking Water ("SDWA" or the "Act") §300j-8(b)(1)(A) requires that sixty (60) days prior to the initiation of a civil action under SDWA §300j-8(a)(1), 42 U.S.C. §1449(a)(1), a citizen must give notice of the intent to sue to the alleged violator and applicable federal and state authorities.

California River Watch ("River Watch") hereby gives notice to the City of Livingston (hereafter referred to as "the Discharger,") that following the expiration of sixty (60) days from the date of receipt of this Notice, River Watch will be entitled to bring suit in the United States District Court against the Discharger for violations of requirements prescribed by or under the SDWA including, but not limited to: non-compliance with maximum contaminant levels ("MCLs") issued under SDWA §300g-1, 42 U.S.C. §1412 and the Code of Federal Regulations, as exemplified by the incidents of non-compliance identified and outlined in this Notice; and, failure to properly monitor water quality delivered to end-users, with respect to the Discharger's community water system.

The SDWA requires that any Notice regarding an alleged violation of any requirement prescribed by or under the Act shall include sufficient information to permit the recipient to identify the following:

1.   *The specific requirement alleged to have been violated.*

In addition to the narratives below, River Watch identifies documents obtained from the California Department of Public Health's Division of Drinking Water and Environmental Management identifying repeated non-compliance with statutory MCLs at source well No. 13 in violation of the SDWA's regulation of the maximum permissible level of contaminants in water delivered to any user of a public water system, in violation of SDWA §300fg-1, 42 U.S.C. §1412.

2.   *The activity alleged to constitute a violation.*

The Discharger is responsible for and operates a community water system which provides drinking water to a population of approximately 13,920 residents. It is regulated under California Water Permit No. 03-11-98P001 issued by the California Department of Public Health. The City's water supply is groundwater. River Watch has set forth narratives below describing "positive" detections above the MCL for arsenic, all occurring during specific reporting periods between 2008 and 2013.

The violations are described in this Notice with particularity, and are based on data detailed in public reports and other documents in the Discharger's possession or otherwise available to the Discharger. In addition to these reported violations, River Watch could find no evidence in any public reports that the Discharger has determined the quality of water delivered to end-users. River Watch incorporates by reference the records cited below from which descriptions of specific incidents were obtained.

3.   *The person or persons responsible for the alleged violation.*

The entity responsible for the alleged violations is the City of Livingston, including its Public Works Department, and those of its operators and employees responsible for compliance with the SDWA and compliance with any applicable state and federal regulations and permits.

4.   *The location of the alleged violation.*

The locations of the various violations are identified in California Water Permit No. 03-11-98P001 issued to the Discharger by the California Department of Public Health.

> 5. *The date or dates of violation or a reasonable range of dates during which the alleged activity occurred.*

River Watch has examined records on file with the California Department of Public Health and the Discharger. The range of dates covered by this Notice is from December 10, 2008 to December 10, 2013. River Watch will from time to time update this Notice to include violations which occur after the range of dates covered by this Notice. Specific violations occurring on specific dates are listed herein. Some of the violations are continuous in nature such as failure to monitor water quality at point of delivery. Therefore, each day constitutes a separate violation.

> 6. *The full name, address, and telephone number of the person giving notice.*

The entity giving notice is California River Watch, 290 S. Main Street, #817, Sebastopol, CA 95472, referred to throughout this Notice as "River Watch." River Watch is a 501(c)(3) non-profit, public benefit corporation organized under the laws of the State of California, dedicated to protect, enhance and help restore the groundwater and surface water environs of California including, but not limited to, its rivers, creeks, streams, wetlands, vernal pools and tributaries. River Watch may be contacted via email: US@ncriverwatch.org or through its attorneys.

River Watch has retained legal counsel with respect to the violations set forth in this Notice. All communications should be addressed to:

> Jack Silver, Esq.
> Law Offices of Jack Silver
> David Weinsoff, Esq.
> P.O. Box 5469
> Santa Rosa, CA 95402-5469
> Tel. 707-528-8175
> Fax. 707-528-8675
> Email: lhm28843@sbcglobal.net

**STATUTORY BACKGROUND**

The SDWA, 42 U.S.C. §§300f to 300j-26, was enacted in 1974 to "assure that water supply systems serving the public meet minimum national standards for protection of public health." Safe Drinking Water Act, Legislative History, H.R. Rep. No. 93-1185 (1974), reprinted at 1974 U.S.C.C.A.N. 6454. The Act authorizes the EPA to "establish federal standards applicable to public water supplies from harmful contaminants, and establish a joint federal-state system for assuring compliance with these standards and for protecting underground sources of drinking water." *Id.* at 6454-55.

Section 1412(b)(1)(A) of the SDWA requires the EPA to identify contaminants in public water supply systems that may have an adverse human health effect and for which regulation would present a "meaningful opportunity" for reduction of that health risk. 42 U.S.C. §300g-1(b)(1)(A).  For each of the contaminants identified under SWDA Section 1412(b)(1), Section 1412(b)(1)(E) requires the EPA to establish maximum contaminant level goals ("MCLGs") as well as MCLs. 42 U.S.C. §300g-1(b)(1)(E).  A violation of the SDWA occurs when testing/monitoring indicates that the level of a contaminant in treated water exceeds the MCL.

Private parties may bring citizens' suits pursuant to 42 U.S.C. §300j-8 to enforce violations of MCLs.  River Watch contends that the Discharger is, among its other activities, a supplier of drinking water regulated under the SDWA and, as detailed in the most recent monitoring reports provided by the California Department of Public Health, violating the MCL for arsenic.

**VIOLATIONS**

River Watch contends that between December 10, 2008 and December 10, 2013, the Discharger violated the SDWA and the Code of Federal Regulations by failing to ensure the drinking water supplied to its customers met and continues to meet the standards required by law including, but not limited to, exceeding the MCL for arsenic and inadequate compliance with monitoring requirements obligating the supplier to confirm water quality at the point of delivery.

The violations listed below are derived from records publically available, or records in the possession and control of the Discharger.   Monitoring dates and reported exceedances were taken from Department of Public Health documents and the EPA ECHO database.

**WELL NO. 13, CITY OF LIVINGSTON WATER SYSTEM**

**MCL - Arsenic 0.010 ppm**

Monitoring Dates and Reported Exceedances

5/26/2009 - 0.011 ppm
7/14/2009 - 0.011 ppm
2/07/2012 - 0.011 ppm
3/05/2013 - 0.0106 ppm
4/09/2013 - 0.013 ppm
4/30/2013 - 0.0118 ppm

Running Annual Averages - Quarters out of Compliance

2Q 2013 - 0.0107 ppm

**Point of Use Quality Assurance**

Although drinking water suppliers tend to sample water quality from a central location, such as directly after treatment, the water supplier is responsible for water quality either at the point of use or point of delivery. There is no evidence in the public record that the Discharger has ever assured its water quality at point of use or point of delivery.

**CONCLUSION**

It is presumed that a drinking water supplier is in continual violation of the applicable standard until constituent measurements are below that applicable standard. Therefore, each day after an exceedance and until the supplier is in compliance is considered a separate violation of the SDWA and the court can grant relief in the form of requiring that the drinking water be brought to meet drinking water standards, awarding of attorney fees, and in some cases, penalties.

The importance of quality drinking water cannot be overstated. Maximum Contaminant Levels are set with the biology of healthy young adults in mind. The same standards are set for everyone, including children, pregnant women, the elderly and infirm. River Watch is understandably concerned about the health effects of water systems which continue to provide contaminants above MCLs.

Arsenic in drinking water has been linked to adverse health effects including circulatory problems and increased risk of cancer. It is the Discharger's responsibility to conform to the standards set forth in the SDWA, as well as to ensure that water has been tested at the point of delivery.

River Watch believes this Notice sufficiently states grounds for filing suit. At the close of the 60-day notice period or shortly thereafter, River Watch has cause to file a citizen's suit under SDWA §1449 against the Discharger for the violations identified and described in this Notice.

During the 60-day notice period, River Watch is willing to discuss effective remedies for the violations identified in this Notice. However, if the Discharger wishes to pursue such discussions in the absence of litigation, it is suggested those discussions be initiated soon so that they may be completed before the end of the 60-day notice period. River Watch does

not intend to delay the filing of a lawsuit if discussions are continuing when the notice period ends.

                                             Very truly yours,

                                             *David Weinsoff* (signature)

                                             David Weinsoff

DW:lhm

cc:    Administrator
       U.S. Environmental Protection Agency
       Ariel Rios Building
       1200 Pennsylvania Avenue, N. W.
       Washington, D.C. 20460

       Regional Administrator
       U.S. Environmental Protection Agency, Region 9
       75 Hawthorne Street
       San Francisco, CA 94105

       Director/State Public Health Officer
       California Department of Public Health
       1616 Capitol Avenue, MailStop 7408
       Sacramento, CA 95899

       Kamala D. Harris - Attorney General
       State of California Department of Justice
       Office of the Attorney General
       1300 "I" Street
       Sacramento, CA 95814

       Jose Sanchez
       City Attorney
       City of Livingston
       1416 C Street
       Livingston, CA 95334